Marcus G-. Christ, J.
This is an action by the plaintiff, William E. Law, to restrain the defendants, Mary Fallon, Dorothy Hendrick and Angelo G-ulizio from doing business as the Law Auto School both in Nassau County and in the BaysideFlushing area of Queens County.
The defendants have caused Richard A. Law, father of the plaintiff to be impleaded as a party defendant and they in turn seek an injunction against the Laws, father and son, from operating an auto school using the name of Law in its title. Richard A. Law had built up a substantial business teaching people to drive automobiles in Queens and Nassau Counties but some time prior to the events out of which this suit arose he transferred the business to the name of his son, the plaintiff, William E. Law. Through all of the negotiations, and for all practical purposes, the business has been treated as the business *441 of the father. For many years the defendants, Mary Fallon and Dorothy Hendrick, were employees of Richard A. Law in important and responsible positions and Angelo Gulizio was also for a period of time immediately preceding November of 1956 an employee. Law was not doing well financially and he was of a mind to sell the business. A year earlier, previous talks on the sale of the business to the two women had taken place, but nothing came of such talks then. However, prior to November 2, 1956 negotiations were again conducted and the business was sold to the defendants on or about that date. Although William E. Law was the reputed owner of the business, he took no part in the negotiations. They were all conducted by the father, Richard A. Law. No written contract was ever executed and the dispute which gives rise to this litigation arises over what were the terms of the agreement.
The particular provisions which give trouble are those concerning what was sold; specifically, what territory was covered in the sale; and what rights, if any, did the Laws reserve in the business. Law contends that he reserved to himself all of the business which would originate in the territory of Queens County known as Bay side and Flushing and in all of Nassau County. He claims that this was to be his business with no rights of any kind in the defendants to the work originating in such territory. The defendants, on the other hand, assert that the entire business, without reservation, was sold to them and that they became the full and complete owners of it with only this proviso: that as to business originating in Bay side and Flushing in Queens County, Richard A. Law was to act as the instructor and to receive instructor’s fees and that as to Nassau, William E. Law was to have the same arrangement.
The name ‘ ‘ Law ’ ’ in connection with the auto business had become important since it had been advertised widely in Nassau and Suffolk Counties and it had acquired a value in the good will which had been built up for it in connection with instruction of people to drive automobiles. Richard A. Law was a dominant force with his employees and in the sale he took care of all the paper work that was to be done. He wrote to the Commissioner of Motor Vehicles for permission to sell the Law Auto School to the defendants. In this letter he made no note of any reservation whatsoever. It was the sale of the whole business. He undertook the preparation of certificates of doing business under an assumed name and went with the defendant, Mary Fallon, to have these papers filed in the County Clerk’s offices. Law then took out an instructor’s license as an instructor of the Law Auto School which showed that the defendants were the owners and he was to be an employee.
*442 The controls which the State exercises pursuant to subdivision 2 of section 7 of the Vehicle and Traffic Law prohibit one from conducting a driver’s school without a license to do so. An instructor’s license is not sufficient for this purpose for an instructor must be an employee of a properly licensed school. Law was well acquainted with these provisions of the statute and the arrangement which he claims was to be in force would have violated this provision. For him, without supervision or accounting on the part of the Law Auto School, to have the right simply with an instructor’s license to conduct a full business of an auto school using only the name and nothing more, would have done violence to the statute. We must not presume that the agreement between the parties was to do an illegal thing. Further, the court believes the testimony of the defendants, Mary Fallon, Dorothy Hendrick and Angelo Gulizio, and finds that the agreements were as they contend. This was a lawful arrangement. The court finds that the entire business with the good will for the use of the name in both Nassau and Suffolk Counties was sold by the plaintiff to the defendants; that Law reserved only the right to be an instructor in the Bayside and Flushing area of Queens County and for his son in Nassau County; that this right has since been lost by reason of his violation of the terms of the contract and his unwillingness to comply with the obligations of lawful supervision and control which it imposed upon him. Further, the defendants became owners of the Law Auto School with the good will and the right to use the name. Both William Law, the nominal owner, and Richard Law, the beneficial owner of the business are in violation of the agreement when they use the word “ Law ” in connection with an auto school. The word has come to have a secondary meaning in these counties and if the Laws are permitted to use their name in connection with an auto school they will be depriving the defendants of a substantial part of what they purchased. There may be no injunction against either William or Richard Law from operating an auto school anywhere since there were no restrictive covenants against them in the agreement. However, they may not use the name Law in any such school within Nassau or Queens Counties.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment for the defendants on the plaintiff’s complaint as well as on their counterclaim is rendered in accordance with the provisions of this decision. The defendants are awarded costs and disbursements of this action.
Settle judgment on notice.